**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



**CIVIL MINUTES - GENERAL**

Case No. SACV 11-01908 DOC (ANx)                                    Date: February 1, 2012

Title: AHN T. NGUYEN v. JP MORGAN CHASE BANK, as successor in interest for
WASHINGTON MUTUAL SAVINGS BANK

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

        Julie Barrera                                          Not Present
      Courtroom Clerk                                      Court Reporter

   ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

        NONE PRESENT                                       NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendant JP Morgan Chase ("Chase") (Docket 4).
The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local
Rule 7-15. After considering the moving, opposing and replying papers, the Court hereby GRANTS the
Motion to Dismiss.

## I. BACKGROUND

Plaintiff Anh T. Nguyen ("Plaintiff") avers, that on or about July 6, 2005, she used, as collateral, the
real property on 16311 Typhoon Lane in Huntington Beach, California, to obtain a loan from
Washington Mutual Savings Bank ("WaMu"). Complaint, ¶ 6. Plaintiff alleges that during the loan
origination process, WaMu's agents ("Agents") provided Plaintiff with improper loan disclosures,
concealed Plaintiff's true loan terms, fabricated loan documents to inflate Plaintiff's income, and
charged excessive closing costs. *Id.* at ¶ 9. Plaintiff avers that these predatory real estate lending
practices deceived her into agreeing to the loan on which she has now defaulted. *Id.* Plaintiff also
claims that Chase, the alleged successor in interest of WaMu, is liable for the alleged wrongdoings of
WaMu. *Id.*  Further, Plaintiff avers that Chase's failure to modify or refinance Plaintiff's loan terms
violates various mortgage laws. *Id.* at ¶ 3, 20, 32.

Plaintiff is now filing the present civil action based on the alleged events described above. Plaintiff's Complaint alleges twelve causes of action: (1) Breach of Contract; (2) Declaratory Relief; (3) Demand for Accounting; (4) Breach of Implied Covenant of Good Faith and Fair Dealing;
 (5) Rescission/Cancellation; (6) Quiet Title; (7) Injunctive Relief; (8) Intentional Infliction of Emotional Distress; (9) Negligent Misrepresentation; (10) Cancellation of Trustee Deed Upon Sale Under Civ. Code § 3412; (11) Unjust Enrichment; and (12) Violation of California Civil Code §§ 1920 and 1921. Plaintiff requests: (1) a declaration that the purported power of sale contained in the Deed of Trust has been rendered void and ineffective against the Subject Property; (2) a declaration that the title to the Subject Property be re-conveyed to Plaintiff in the event of a foreclosure; (3) a judgment rescinding the promissory note and setting forth the terms of restitution; (4) a declaration that Plaintiff is the prevailing party; (5) attorney's fees and costs of suit incurred herein; (6) general, exemplary and special damages; (7) punitive damages; and (8) further relief as the Court deems just and proper.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949.  If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).   Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Defendant's Request for Judicial Notice

In support of its Motion to Dismiss, Chase requests that the Court take judicial notice, pursuant to Federal Rule of Evidence § 201, of the Purchase and Assumption Agreement, dated September 25, 2008. (Dkt. #5, Ex. B).

Other courts in this Circuit have taken judicial notice of the same Purchase & Assumption Agreement. *See Miller v. Cal. Reconveyance Co.,* No. 10-CV-421-IEG (CAB), 2010 U.S. Dist. LEXIS 74290, at *7, n.1 (S.D. Cal. July 22, 2010) ("The Court will take notice of the P&A Agreement between JP Morgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned."). Accordingly, the Court grants judicial notice of the document.

### B. Claims Relating to Origination of the Loan

Plaintiff's Fifth, Sixth, Ninth and Twelfth causes of action all allege wrongdoing by WaMu during the origination of Plaintiff's loan. As such, the Court will first examine the manner in which Chase acquired WaMu's assets.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. (Purchase & Assumption Agreement, Dkt. #5, Ex. B). The FDIC then entered into a purchase and assumption agreement ("P&A Agreement") with Chase whereby Chase acquired the majority of WaMu assets. *Id.* Section 2.5 of the P&A provides that:

> Borrower Claims. Notwithstanding anything contrary to this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

*Id.* District courts within the Ninth Circuit have consistently interpreted this exact provision to mean that Chase "is not responsible for any liability of WaMu related to loans made by WaMu prior to September 25, 2008 . . ." *Ansanelli v. JP Morgan Chase Bank, N.A.*, No. C 10-03892 WHA, 2011 U.S. Dist. LEXIS 32350, at * 6 (N.D. Cal. Mar. 28, 2011).  *See also Javaheri v. JPMorgan Chase Bank, N.A.*, CV10-08185 ODW (FFMx), 2011 U.S. Dist. LEXIS 4249, at * 8-9 (C.D. Cal. Jan. 11, 2011) ("[B]ecause JPMorgan expressly disclaimed assumption of liability arising from borrower claims against WaMu, those actions which predate the P & A Agreement cannot be brought against JPMorgan."). Rather, the FDIC "was and remains the appropriate party in interest." *Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009).

Plaintiff contends that Chase has not established that Plaintiff's mortgage was still held by WaMu at the time the FDIC took it over. This argument is unavailing. The express language of Section 2.5 of the P&A indicates that Chase is not responsible for any liability of WaMu "related in any way to any loan or commitment to lend made by [WaMu] prior to failure." (Dkt. 5, Ex. B).  Since it is undisputed that WaMu originated the loan prior to failure and prior to Chase assuming WaMu's assets, Chase is not liable for any wrongdoing by WaMu at the loan origination. Accordingly,  Plaintiff's Fifth, Sixth, Ninth and Twelfth causes of action, asserting theories of liability for the wrongdoing of WaMu are dismissed WITH PREJUDICE.

## C. Plaintiff's Breach of Contract Claim

In her Opposition brief, Plaintiff "acknowledges and respects the many decisions emphatically stating an individual homeowner does not have a private cause of action to sue under the Home Affordable Modification Program . . . as a party or intended third party beneficiary of that agreement." Opp'n, 5. As such, Plaintiff seeks to amend her Complaint and assert a different theory of liability under the Home Affordable Modification Program. *Id.* However, Plaintiff cannot defend against a motion to dismiss by relying on new allegations in her Opposition that are absent from the current complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Accordingly, Plaintiff's First Cause of Action is dismissed WITHOUT PREJUDICE

## D. Plaintiff's Claims for Accounting, Injunctive Relief and Unjust Enrichment

Plaintiff asserts separate causes of action for accounting, injunctive relief and unjust enrichment. Courts in California have consistently classified these claims as remedies and not valid causes of action. *See e.g.*, *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 67 (Cal. App. 1st Dist. 2007) (Accounting "is not an independent cause of action but merely a type of remedy, an equitable remedy at that."); *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (Cal. App. 1942) ("Injunctive relief is a remedy and not, in itself, a cause of action."); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (Cal. App. 4th Dist. 2010) ("There is no cause of action in California for unjust enrichment.").

Plaintiff cites two California cases to support her contention that accounting and injunctive relief are

valid causes of action. *See* Opp'n, 7. Both cases, however, expressly indicate that a valid cause of action is a prerequisite to obtaining accounting or injunctive relief. *See Braden v. Lewis*, 119 Cal. App. 2d 84, 88 (Cal. App. 1953) (citation omitted) ("If plaintiff has a cause of action of which the court has jurisdiction, and it is necessary to have an accounting to determine his rights, it will be done."); *Bates v. Franchise Tax Bd.*, 124 Cal. App. 4th 367, 372 (Cal. App. 2d Dist. 2004) ("The IPA provides only civil remedies, including actions for injunctive relief and damages."). Since Plaintiff fails to provide any valid support holding otherwise, this Court will follow the recent authority in California and dismiss Plaintiff's Third, Seventh and Eleventh Causes of Action WITHOUT PREJUDICE.

### E. Plaintiff's Fourth, Eighth and Tenth Causes of Action

Plaintiff has expressed her intent to remove the Fourth, Eighth and Tenth Causes of Action. *See* Opp'n, 8. Accordingly, these causes of action are dismissed WITHOUT PREJUDICE.

### F. Plaintiff's Declaratory Relief Claim

A claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not Plaintiff states some other substantive basis for liability. *See Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 N.3 (Cal. App. 1st Dist. 2000) (noting that equitable forms of remedy "have no separate viability" if plaintiff's other causes of action fail). Because Plaintiff's substantive claims have been dismissed, Plaintiff's Second Cause of Action asserting a specific claim for declaratory relief must also be DISMISSED WITHOUT PREJUDICE.

## IV. DISPOSITION

For the foregoing reasons, the Motion to Dismiss is hereby GRANTED. Plaintiff's First, Second, Third, Fourth, Seventh, Eight, Tenth and Eleventh causes of action are dismissed WITH LEAVE TO AMEND. Plaintiff's Fifth, Sixth, Ninth and Twelfth Causes of Action are DISMISSED WITH PREJUDICE.

Any amended complaint shall be filed by February 15, 2012.

The Clerk shall serve this minute order on all parties to the action.